**In the Matter of Steven F. FILLENWARTH, Respondent.**

**No. 49S00–0903–DI–108.**

Supreme Court of Indiana.

Sept. 30, 2010.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Gail Z. Bardach, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Respondent represented a client in several legal matters, including negotiating a prenuptial agreement with the client's wife in 2004. Respondent then represented the client in filing an action to dissolve the marriage on February 6, 2007. Unbeknownst to the client, Respondent and the client's wife exchanged frequent emails from January 9 through February 26, 2007. The emails included discussions of the divorce action and Respondent's romantic interest in the client's wife. When the client became aware of the emails, he immediately discharged Respondent as his attorney. Respondent then withdrew from representing the client.

Respondent testified that the client had asked him to work directly with his wife so the divorce could be concluded as quickly as possible. The hearing officer, however, credited the client's testimony that he gave Respondent no such instruction. This finding is supported by the totality of circumstances, including the content of the

emails and the client's immediate discharge of Respondent after discovering them. Moreover, the extent and nature of the emails went well beyond the scope of the client's alleged instructions.

Facts in aggravation are: (1) Respondent's selfish motivation; and (2) his denial of any misconduct and lack of remorse. Facts in mitigation are: (1) Respondent's lack of disciplinary history; (2) his cooperation with the Commission; (3) the unlikelihood that Respondent will engage in any future misconduct; and (4) his service to his community and country, including his 20 years of service in the Army Reserve in the Judge Advocate General Corps.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

- 1.6(a): Revealing information relating to representation of a client without the client's informed consent.
- 1.7(a)(2): Representing a client when the representation would be materially limited by attorney's own self-interest.
- 1.16(a): Failure to withdraw from representation when the representation will result in violation of the Rules of Professional Conduct.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning November 12, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension (except to the extent necessary to fulfill his military duties), and Respondent shall fulfill all other duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

Respondent's motion for oral argument is denied. The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except BOEHM, J., who dissents as to the sanction and would impose a public reprimand.